UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>             Plaintiff,<br><br>   v.<br><br>AIRPORT BOULEVARD REALTY LLC,<br><br>             Defendant. | Case No.  20-cv-05757-SI<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Defendant's motion to dismiss the complaint for lack of jurisdiction and failure to state a claim is scheduled for a hearing on November 20, 2020.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing.  For the reasons set forth below, the Court DENIES defendant's motion.

Plaintiff alleges that in July 2020, she visited SpringHill Suites Napa Valley, a hotel operated by defendant, where she encountered an allegedly inaccessible passenger loading zone.  Compl. ¶¶ 9-12.  Plaintiff alleges that she was unable to enter the hotel because she could not access the lobby from the passenger loading zone, and that as a result she did not book a room.  *Id*. ¶ 14.  Plaintiff alleges that she is deterred from visiting defendant's hotel because of the allegedly inaccessible passenger loading zone, and that she would visit the hotel if defendant remediated the barrier.  *Id*. at ¶¶ 16-17.  The complaint alleges causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*., and Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*

Defendant contends that the Court lacks jurisdiction because, as a factual matter, "although passenger loading is naturally likely to occur in front of any hotel," the hotel does not have a "passenger loading area" and there are no barriers to accessing the hotel, and thus there is no ADA

violation.  Mtn. at 9 (Dkt. No. 15-1).[1]  Defendant has submitted the declaration of Larry Wood, an access specialist, who states, *inter alia*, that he visited the hotel and that "[t]here are no design features, signs or markings indicating a passenger loading zone at the front of the hotel."  Wood Decl. ¶ 6 (Dkt. No. 23-1).  Defendant relies on Mr. Wood's declaration for additional facts, such as the assertions that the hotel was built prior to March 15, 2012, and has not been altered after that date, and thus that the hotel is governed by the 1991 ADA Accessibility Guidelines rather than the 2010 version; the different versions of the guidelines contain different requirements with regard to passenger loading zones.

Plaintiff argues that the facts are disputed and that defendant's factual attack on the complaint is improper.  The Court agrees.  The Ninth Circuit has instructed that "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional . . . ."  *Sun Valley Gas, Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983).  A "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on factual issues going to the merits of an action."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted).  "[J]urisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter of the federal court and the plaintiff's substantive claim for relief."  *Id.* at 1039-40.  Here, defendant's jurisdictional arguments are intertwined with the merits of plaintiff's claim, and the Court cannot resolve these factual issues at this stage of the litigation.

Defendant also raises a number of challenges to plaintiff's standing and whether plaintiff has suffered any injury.  Defendant argues, *inter alia*, that plaintiff "does not explain how Brooke's specific disability was affected so as to deny her full and equal access" and "does not allege that she had any reason to be in the so-called loading zone or that she even attempted to get out of the car," and that   Mtn. at 10-11.  These arguments ignore the allegations of the complaint  and attempt to impose a higher standard of pleading than what is necessary.  *See, e.g.*, Compl. ¶¶ 1, 9-12.  Defendant also contends that plaintiff lacks standing because she has not sufficiently alleged an

---

[1] For ease of reference, citations to page numbers refer to the ECF branded number in the upper right corner of the page.

intent to return to the hotel, and defendant argues that plaintiff's litigation history in this District and elsewhere (in which she has sued hundreds of hotels) shows that she cannot plausibly allege an intent to return to this specific hotel. While defendant's arguments are not without some force, the Court finds that as a pleading matter, plaintiff has sufficiently alleged that she would return to the hotel if there was no barrier, and that she is deterred from doing so at this time because of the presence of alleged access barriers.

Finally, because the Court is denying defendant's motion to dismiss the ADA claim, the Court will retain supplemental jurisdiction over the Unruh Act claim as that state claim is factually intertwined with the ADA claim.


**IT IS SO ORDERED**.


Dated: November 4, 2020

SUSAN ILLSTON
United States District Judge