UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT BOULEVARD REALTY LLC,<br><br>Defendant. | Case No. 20-cv-05757-SI<br><br>**ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO COMPEL DEFENDANT TO COMPLY WITH GENERAL ORDER 56 DEADLINES**<br><br>Re: Dkt. No. 26 |

Plaintiff has filed an administrative motion to compel defendant to comply with General Order 56, asserting that defense counsel has refused to conduct a joint site inspection as required by that General Order. Defendant has filed a lengthy and vituperative opposition to the administrative motion, asserting *inter alia* that a joint site inspection is not required and accusing plaintiff's counsel of his own failures to comply with other requirements of General Order 56, such as the requirement to disclose "the day, month and year of all dates on which plaintiff claims to have sought access to the premises . . . and shall disclose any documentary evidence regarding the alleged access efforts and barriers plaintiff encountered." General Order 56(4)(a).

The Court rules as follows: the parties are required to comply with every requirement of General Order 56, including the joint site inspection requirement. Although defendant frames the access dispute as a purely legal question of whether a "passenger loading zone" is required by the ADA accessibility guidelines, plaintiff is correct that defendant's answer contains blanket denials of the existence of any access barriers. The Court is not persuaded that a joint site inspection can be skipped simply because defense counsel deems an inspection unnecessary. Further, the Court is not sympathetic to defense counsel's complaints that conducting a site inspection is expensive because he resides in Florida. Counsel has chosen to litigate physical access barrier cases in the

Northern District of California, and thus counsel must comply the Northern District's requirements for such cases, including General Order 56.

However, due to the Bay Area shelter in place orders, and in accordance with the Second Amended Notice re: Procedures in All Cases Referred to ENE or Mediation and re: Pre-Mediation Procedures in Cases Subject to General Order 56, "[f]or a physical site that is closed on or after June 4, 2020, these [joint site inspection] deadlines are deemed tolled until the site is again open to the public." Second Amended Notice, located at www.cand.uscourts.gov/wp-content/uploads/court-programs/adr/Second-Amended-Notice-re-Procedures-in-Cases-Referred-to-ENE-or-Mediation-and-re-Procedures-in-Cases-Subject-to-General-Order-56-060320.pdf. That notice also provides that "[t]he parties may by agreement elect to replace the joint site inspection with another process that enables them to obtain and exchange the information needed to prepare effectively to evaluate the case for resolution at the settlement meeting." *Id.*[1] Thus, counsel may either (1) cooperate with each other and agree on an alternative process for the exchange of information or (2) conduct a joint site inspection once the stay at home orders are lifted.

With regard to the other General Order 56 requirements, the Court directs both parties to immediately comply with all other aspects of that Order and the Second Amended Notice.

**IT IS SO ORDERED**.

Dated: December 15, 2020

                                 SUSAN ILLSTON
                                 United States District Judge

---

[1] If the parties choose this option, they must attach to the Notice of Need for Mediation and Certification of Counsel a joint letter describing the terms of the parties' agreement and confirming that all requirements of the agreement have been met. *Id*.